IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT MAHOUSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-864 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH, | ) | Re: ECF No. 7 |
| | ) | |
| Defendant. | ) | |

## OPINION

This is an action filed by Plaintiff Robert Mahouski ("Plaintiff") against his employer, the City of Pittsburgh (the "City"). Presently before the Court is a Motion to Dismiss filed by the City. ECF No. 7. For the following reasons, the Motion to Dismiss filed by the City will be denied.

**I.  PROCEDURAL HISTORY**

Plaintiff filed his Complaint on July 2, 2018. ECF No. 1. Therein, Plaintiff asserts two claims: Count I: discrimination in violation of the Americans with Disabilities Act (the "ADA"); Count II: violation of the Pennsylvania Human Relations Act (the "PHRA"). Id.

The City filed the instant Motion to Dismiss and Brief in Support on September 4, 2018. ECF Nos. 7-8. Plaintiff filed a Brief in Opposition on September 24, 2018. ECF No. 13. The City filed a Reply Brief on October 9, 2018. ECF No. 16. Plaintiff filed a Sur-reply on October 15, 2018. ECF No. 17. The Motion to Dismiss is now ripe for review.

**II.  FACTUAL BACKGROUND**

In the Complaint, Plaintiff makes the following allegations. Plaintiff has been employed by the City's Fire Department since June 9, 2006. ECF No. 1 ¶ 6. He currently holds the rank of

Lieutenant. Id. ¶ 7. Plaintiff was diagnosed with Juvenile Myoclonic Epilepsy and has a history of seizures. Id. ¶ 8.

On May 12, 2016, while responding to a call, Plaintiff slipped and fell down some stairs and suffered a head injury. Id. ¶ 9. The City incorrectly assumed that Plaintiff had an epileptic seizure during this incident. Id. ¶ 10. Plaintiff's neurologist released him to return to work without restrictions on July 7, 2016. Id. ¶ 11. The City refused to clear Plaintiff for full firefighting duties and placed him on alternative duties. Id. ¶ 12. As a result, Plaintiff was not allowed to teach at the training academy or to work overtime in his full position. Id. ¶ 13. The City refused to return Plaintiff to his full-time position because of his disability for the period of July 7, 2016, to April 16, 2018. Id. ¶ 20. As a result, Plaintiff suffered a significant loss of pay. Id. ¶ 14. The City reinstated Plaintiff to his full-duty fire-fighting position on April 16, 2018. Id. ¶ 15.

### III. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the

necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

## IV. DISCUSSION

In support of its Motion to Dismiss, the City raises several bases for dismissal. The Court will address each basis separately.

### A. Count I: Allegations of Disability

#### 1. Impairment substantially limiting major life activity

In order to bring a claim of disability discrimination under the ADA, a plaintiff must establish "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Alston v. Park Pleasant, Inc., 679 F. App'x 169, 171 (3d Cir. 2017) (citation omitted). In the ADA, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment ...." 42 U.S.C. § 12102(1). For purposes of defining disability under Section 12102(1), major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "[A] major life activity also includes the operation of a major bodily function, including but not limited to ... neurological ... functions." 42 U.S.C. § 12102(2)(B).

In support of its Motion to Dismiss as to Count I, the City first argues that Plaintiff fails to allege sufficient facts to establish that he suffers from a disability as defined by the ADA.

ECF No. 8 at 2-5. Specifically, the City concedes that epilepsy is an impairment, but asserts that Plaintiff failed to allege which major life activity is affected by his epilepsy. Id. at 4-5.

In opposition to the Motion to Dismiss, Plaintiff argues that, at this stage of the litigation, he need not allege the specific life activity which is substantially limited by his impairment. ECF No. 13 at 4; ECF No. 17 at 2. Plaintiff asserts that his allegation that he "is disabled within the meaning of the Americans with Disabilities Act because he is substantially limited from performing one or more major life activities," ECF No. 1 ¶ 17, is sufficient. ECF No. 17 at 2.

Plaintiff correctly cites to Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), in support of his argument. In Fowler, in response to an argument much like the one presented in the instant case, the United States Court of Appeals for the Third Circuit reversed the decision of the district court granting a motion to dismiss and held as follows:

> Fowler is not required, at this early pleading stage, to go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations. Her complaint identifies an impairment, of which UPMC allegedly was aware and alleges that such impairment constitutes a disability under the Rehabilitation Act.[1] Furthermore, her alleged limitation to sedentary work plausibly suggests that she might be substantially limited in the major life activity of working. ... Of course, Fowler must ultimately prove that she is substantially limited in a recognized major life activity to prevail on her claim. At the pleading stage, however, Fowler's allegation regarding disability is sufficient. See Equal Employment Opportunity Comm'n v. J.H. Routh Packing Co., 246 F.3d 850, 854 (6th Cir. 2001) ("[S]o long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading."). This is so even after Twombly and [Ashcroft v.] Iqbal[, 129 S. Ct. 1937 (2009)].

Fowler, 578 F.3d at 213-214.

In the instant case, Plaintiff identifies the impairment of epilepsy and alleges that this impairment constitutes a disability under the ADA. Furthermore, the impairment identified is a

---

[1] The standards for violations of the Rehabilitation Act are the same as those applied under the ADA. Coleman v. Pa. State Police, 561 F. App'x 138, 143 (3d Cir. 2014).

4

neurological disorder that has caused Plaintiff to suffer seizures. Plaintiff further specifically alleges that "he is substantially limited from performing one or more major life activities." ECF No. 1 ¶ 17. Consistent with the decision of the Third Circuit in Fowler, viewing the allegations of fact as true and drawing all inferences therefrom in the light most favorable to Plaintiff, the allegations in the Complaint as to his disability sufficiently allege a violation of the ADA at this early stage of the case.

### 2. "Regarded as" having impairment

Plaintiff's claim of discrimination under the ADA also encompasses an allegation that he was "regarded as" having an impairment by the City. ECF No. 1 ¶ 17. As set forth above, being "regarded as" having an impairment is a disability under the ADA. 42 U.S.C. § 12102(1)(C). The ADA provides:

> (3) Regarded as having such an impairment. For purposes of paragraph (1)(C):
>
> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
>
> (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

42 U.S.C. § 12102(3)(A), (B).

In his Complaint, Plaintiff alleged both his actual impairment and the City's perception of the impairment. Plaintiff pled that he was diagnosed with Juvenile Myoclonic Epilepsy and has a past history of seizures. ECF No. 1 ¶ 8. He also alleged that the City incorrectly assumed that he had an epileptic seizure when he fell down the stairs and that the City subsequently refused to clear Plaintiff for full firefighting duties. Id. ¶¶ 9-10, 12, 17. At this stage of the case, viewing

these allegations of fact as true and drawing all inferences therefrom in the light most favorable to Plaintiff, the allegations are sufficient to establish that the City regarded Plaintiff as having an impairment.

### B. Count I: Allegations that Plaintiff was Otherwise Qualified

The City next argues that Plaintiff does not allege sufficient facts to establish the second element of a discrimination claim under the ADA. ECF No. 8 and 6-8. Specifically, the City argues that Plaintiff cannot establish that he is "otherwise qualified" to perform the essential functions of the job, with or without reasonable accommodations, because the possibility that he will have a seizure makes his employment a direct threat to the health and/or safety of himself, other firefighters and the public. Id.

As the City concedes, the burden of proof in a "direct threat defense" is on the employer. Id. at 7. See also Coleman v. Pa. State Police, 561 F. App'x 138, 144 (3d Cir. 2014). However, the City urges this Court to apply an exception in this case because of the particular safety concerns of the job of firefighter. ECF No. 8 at 7. The Court declines to do so. At this juncture, it is inappropriate to address an asserted defense.

In Plaintiff's Complaint, he alleges that his treating neurologist released him to return to work without restriction and that he was able to perform the essential functions of his position with or without reasonable accommodations. ECF No. 1 ¶¶ 11, 18. At this initial stage of the case, viewing these allegations of fact as true and drawing all inferences therefrom in the light most favorable to Plaintiff, the allegations are sufficient to establish that Plaintiff was otherwise qualified to perform the essential functions of the job.

C.  **Count II: PHRA Claim**

Finally, the City moves to dismiss the PHRA claim on the same bases it asserted for the ADA claim. ECF No. 8 at 8. Because none of the asserted bases merit relief as to the ADA claim, none merit relief as to the PHRA claim. See Kieffer v. CPR Restoration & Cleaning Servs., LLC, 733 F. App'x 632, 636 (3d Cir. 2018) (explaining that the ADA and PHRA are interpreted coextensively).

V.  **CONCLUSION**

For the foregoing reasons, the City's Motion to Dismiss will be denied. An appropriate Order follows.

**ORDER**

AND NOW, this 1st day of November, 2018, IT IS HEREBY ORDERED that the Motion to Dismiss filed by the City, ECF No. 7, is DENIED.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF

7